1    Edward Vincent King, Jr. (SBN 085726)
     KING & KELLEHER, LLP
2    Four Embarcadero Center, 17th Floor
     San Francisco, CA  94111
3    Telephone:  (415) 781-2888
     Facsimile:  (415) 781-3011
4    evking@kingandkelleher.com

5    Attorneys for Plaintiff and Counter-Defendant
     JAIME PORIS

6

7

8                            UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10

11   JAIME PORIS,                              Case No. CV 10-0947 JSW

                    Plaintiff,
12
                                               **PLAINTIFF JAIME PORIS'S MOTION TO**
          v.                                   **STRIKE THE DECLARATION OF**
13                                             **LEONARD NANIS, DR. SC. IN SUPPORT**
     NOVELLUS SYSTEMS, INC.,                   **OF NOVELLUS SYSTEM, INC.'S**
14                                             **RESPONSIVE CLAIM CONSTRUCTION**
                    Defendant.                 **BRIEF**
15

16   ─────────────────────────────
                                               Hearing Date: December 3, 2010
17   AND RELATED COUNTERCLAIMS                 Time:          9:00 a.m.
                                               Courtroom:     11
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────
**PORIS'S NOTICE OF MOTION SAND MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1              **<u>NOTICE OF MOTION</u>**

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3         **PLEASE TAKE NOTICE** that, on December 3, 2010 at 9:00 a.m., before, the Honorable

4    Jeffrey S. White, Plaintiff and Counterclaim-Defendant Jaime Poris ("Poris"), pursuant to the Civil

5    Local Rules and Patent L.R. 4-2, 4-3 and 4-4, and the Case Management Schedule in this matter

6    (Docket Entry Nos. 18-19), objects to and will move, and hereby does move, for entry of an Order

7    finding the Declaration of Leonard Nanis ("Nanis Declaration") (Docket Entry No. 32), which was

8    filed by Defendant and Counterclaimant Novellus Systems, Inc. ("Novellus") in support of

9    Novellus's Responsive Claim Construction Brief ("Novellus's Responsive Construction Brief")

10   (Docket Entry No. 31), shall be stricken in its entirety and Novellus shall be prohibited from

11   relying upon it in support of Novellus's claim construction positions.

12        Poris brings his present Motion to Strike based upon this Notice of Motion and Motion, the

13   Memorandum of Points and Authorities submitted herewith, the Declaration of Edward Vincent

14   King, Jr. in Support of Poris's Motion to Strike the Nanis Declaration, the parties' claim

15   construction briefs and supporting documents which have been filed in support of the parties'

16   claim construction positions, oral argument of counsel as appropriate, and upon such additional

17   and other matters as may be presented to the Court at the hearing.

18   DATED:  October 18, 2010              Respectfully submitted,

19                                        KING & KELLEHER, LLP

20

21                                        By:  */s/ Edward Vincent King, Jr.*
                                               Edward Vincent King, Jr.

22
                                          Attorneys for Plaintiff and Counter-Defendant
23                                        JAIME PORIS

24

25

26

27

28

-1-

**PORIS'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1

## MOTION TO STRIKE

2

I.     **INTRODUCTION AND BACKGROUND FACTS**

3       Novellus unveiled the Nanis Declaration (Docket Entry No. 32) for the first time on

4   October 8, 2010, when Novellus filed it in support of Novellus's Responsive Construction Brief.

5   Prior to October 8, Novellus never disclosed an intent to use an expert witness, Mr. Nanis, let

6   alone the substance of his opinions.  Novellus's actions are in direct violation of Patent L.R. 4-2,

7   4-3, and 4-4, which required Novellus to disclose its intent to rely upon Mr. Nanis's testimony, and

8   the substance of his testimony, on or before three separate milestone dates in the Case

9   Management Schedule for this matter.  All milestone dates had long since passed by the time

10  Novellus first disclosed Mr. Nanis's testimony on October 8th.

11      Even if the Court determines Novellus may rely upon the Nanis Declaration (despite

12  Novellus's multiple violations of the Patent Local Rules), the Nanis Declaration is objectionable

13  and should be stricken or otherwise disregarded by the Court.  Mr. Nanis provides testimony on

14  matters which are irrelevant to the present claim construction inquiry.  Mr. Nanis fails to provide

15  foundational facts to show his knowledge of skill in the relevant art at the time of Poris's invention

16  in 1990.

17  II.    **CITATIONS IN NOVELLUS'S RESPONSIVE CONSTRUCTION BRIEF TO THE
        NANIS DECLARATION WHICH SHOULD BE STRICKEN**
18

19      Poris requests that the Court strike the Nanis Declaration in its entirety due to Novellus's

20  violations of the Local Patent Rules and the additional bases set forth herein.  Additionally,

21  Novellus dedicates approximately 6 pages of its 25 page Opposition brief to subject matter which

22  Novellus has drawn directly from citation to the improper and inadmissible Nanis Declaration.

23      The following is a listing of the passages from Novellus's Responsive Construction Brief,

24  by page and line number, which should be stricken for citing to the Nanis Declaration:

25      Page 2, lines 12-16, 17-23, 25-26, footnote 2;
        Page 3, lines 1-5, 6-13 (Table II), 14-17, 18-22, 23-28 (Fig. 3);
26      Page 4, lines 1-8, 9-14 (Fig. 5), 15-18, 19-26 (Fig. 6);
        Page 5, lines 1-2, 3-9 (Fig. 7A), 10-23 (Fig. 9), 24-28;
27      Page 6, lines 1-16, 17-22, 23-25, footnote 3.
        Page 7, lines 1-4, 5-13 (Fig. 11B), 18-28;
28      Page 8, lines 1-3; and
        Page 19, lines 1-6 (re: "gasket").

-2-

1

2    For the Court's reference, Poris provides a copy of Novellus's Responsive Construction Brief,

3    with the above listed passages that should be stricken highlighted, at Exhibit A to the Declaration

4    of Edward Vincent King, Jr. in Support of Poris's Motion to Strike the Nanis Declaration, filed

5    herewith (hereinafter, *e.g.*, "King Decl., Ex. A").  Poris also includes a copy of the Nanis

6    Declaration for the Court's reference at King Decl., Ex. B.

**III.    ARGUMENTS**

7
        **A.    Novellus Has Violated the Patent Local Rules by Relying Upon Alleged Expert
8            Witness Testimony It Failed to Disclose**

9
            **1.    Novellus's Failure to Disclose Its Intent to Rely Upon Mr. Nanis's
10                Testimony Violates Patent L.R. 4-2**

11        Patent L.R. 4-2, entitled Exchange of Preliminary Claim Constructions and Extrinsic

12    Evidence, requires the following:

13        (b) At the same time the parties exchange their respective "Preliminary Claim
            Constructions," <u>each party shall also identify all references</u> from the specification or
14            prosecution history that support its proposed <u>construction and designate any supporting
            extrinsic evidence including, without limitation</u>, dictionary definitions, citations to
15            learned treatises and prior art, and <u>testimony of percipient and expert witnesses</u>. . . <u>With
            respect to any supporting witness, percipient or expert, the identifying party shall also
16            provide a description of the substance of that witness' proposed testimony that includes
            a listing of any opinions to be rendered in connection with claim construction.</u>
17

18    Patent L.R. 4-2(a)-(b) (emphasis added).  Under the Case Management Statement (Docket Entry

19    No. 18), and the Court's Minute Order of June 11, 2010 (Docket Entry No. 19) (hereinafter "Case

20    Management Schedule") in this matter, the parties exchanged their required disclosures under

21    Patent L.R. 4-2 on August 23, 2010.  Novellus's Preliminary Claim Construction disclosure now

22    stands in violation of Patent L.R. 4-2 because Novellus fails to disclose therein its intent to rely

23    upon Mr. Nanis's testimony in support of Novellus's construction positions:

24        <u>Novellus may rely on</u> one or more of the following to support these and other proposed
        constructions: the claims, specification, and prosecution history of the '749 patent
25        (including but not limited to the prosecution histories of the patents from which the '749
        patent claims priority); dictionary definitions; inventor, <u>expert, and other testimony</u>; and
26        documents and pleadings produced by Poris or Novellus or other third parties.

27

28

-3-

1   Novellus's Preliminary Claim Constructions document, page 2, lines 20-24, King Decl., Ex. C

2   (emphasis added).  Novellus's violation of Patent L.R. 4-2 compels striking the Nanis Declaration

3   and enjoining Novellus from relying upon it for claim construction purposes.[1]

**2.      Novellus's Failure to Disclose Its Intent to Rely Upon Mr. Nanis's
Testimony Violates Patent L.R. 4-3**

Patent L.R. 4-3, entitled "Joint Claim Construction and Prehearing Statement," requires the

following:

> Not later than 60 days after service of the "Invalidity Contentions," the parties shall
> complete and file a Joint Claim Construction and Prehearing Statement, which shall
> contain the following information: . . . (b) Each party's proposed construction of each
> disputed term, together with an identification of all references from the specification or
> prosecution history that support that construction, and an identification of any extrinsic
> evidence known to the party on which it intends to rely either to support its proposed
> construction or to oppose any other party's proposed construction, including, but not
> limited to, as permitted by law, dictionary definitions, citations to learned treatises and
> prior art, and testimony of percipient and expert witnesses; . . .
> (e) Whether any party proposes to call one or more witnesses at the Claim Construction
> Hearing, the identity of each such witness, and for each witness, a summary of his or her
> testimony including, for any expert, each opinion to be offered related to claim
> construction.

Patent L.R. 4-3 (emphasis added).  Under the Case Management Schedule, the parties filed their

Joint Construction and Prehearing Statement on September 3, 2010.  Novellus's portion of the

parties' Joint Construction and Prehearing Statement discloses only the following regarding

Novellus's intent to rely upon testimony in support of its construction positions:

> The following chart provides each party's proposed construction of each disputed claim
> term. Exhibits A and B, attached to the Statement, provides each party's identification of
> (1) all references from the specification or prosecution history of the '749 patent that
> support that construction and (2) any extrinsic evidence known to the party on which it
> intends to rely either to support its proposed construction or to oppose any other party's
> proposed construction. Exhibit A presents Poris' evidence in support of his proposed
> constructions and Exhibit B provides Novellus' evidence in support of its proposed
> constructions.

Joint Claim Construction and Prehearing Statement, page 2, lines 2-8, King Decl., Ex. D

(emphasis added); *see also* Exhibit B to the Joint Claim Construction Statement, King Decl., Ex.

E.  Neither the Joint Statement document nor Novellus's Exhibit B thereto makes any reference to

---

[1] Poris's counsel conferred with Novellus's counsel to see if Novellus would agree to voluntarily
withdraw the Nanis Declaration, but Novellus's counsel declined to do so.  (King Decl., ¶ 2).

-4-

1   Mr. Nanis or any other witness testimony.  Novellus's failure to disclose an intention to rely upon

2   the Nanis testimony in the parties' Joint Claim Construction Statement now stands in direct

3   violation of Patent L.R. 4-3.  Also, in accordance with Patent L.R. 4-3(e), the parties concluded

4   their Joint Claim Construction Statement by stating:  "The Parties agree that they do not intend to

5   call any fact or expert witnesses at the Claim Construction Hearing."  (*Id*. at page, 5, lines 12-13).

6   After conferring with Novellus's counsel to include such a statement in the parties' Joint

7   Construction Statement, Poris was surprised by Novellus's disclosure of the Nanis testimony, for

8   the first time, in its Responsive Construction Brief.

9           Under Patent Local Rule 4-2 and 4-3, Novellus was required to disclose any intention

10  Novellus had to rely upon testimony such as that of Mr. Nanis in both Novellus's Preliminary

11  Claim Construction disclosure and in its disclosure in the Parties' Joint Claim Construction

12  Statement.  Under those same Patent Local Rules sections, Poris was entitled to rely upon

13  Novellus's failure to do so as a representation that Novellus had no intention of relying upon

14  testimony, such as the Nanis Declaration, in support of its construction positions.

15          **3.      Novellus's Failure to Disclose Nanis's Testimony until after the Close of
                       Claim Construction Discovery Prejudices Poris and Violates Patent**
16  **                 L.R. 4-4**

17          Novellus's violations of Patent L.R. 4-2 and 4-3 have prejudiced Poris by preventing him

18  from discovering the bases for Mr. Nanis's opinions, or from procuring and presenting testimony

19  from a rebuttal expert, before the close of the claim construction related discovery period.  Patent

20  L.R. 4-4 specifically addresses the procedures and deadlines for disclosing expert testimony and

21  deposing such experts:

22          Not later than 30 days after service and filing of the Joint Claim Construction and
            Prehearing Statement, the parties shall complete all discovery relating to claim
23          construction, including any depositions with respect to claim construction of any witnesses,
            including experts, identified in the Preliminary Claim Construction statement (Patent L.R.
24          4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

25  Patent L.R. 4-4 (emphasis added).  Novellus has violated the prerequisite condition of Patent L.R.

26  4-4 requiring that any expert witness discovery will be taken only from witnesses who have first

27  been identified in the statements under Patent L.R. 4-2 and 4-3.

28

-5-

**PORIS'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1        Under the Case Management Schedule (Docket Entry Nos. 18-19) in this matter and Patent

2   L.R. 4-4, the parties were required to complete all discovery related to claim construction by

3   September 17, 2010.  With the passing of the construction related discovery deadline, Poris relied

4   upon Novellus's failure to disclose any intent to rely upon expert witness testimony in support of

5   its construction positions.  Poris had no need to discover the qualifications of any of Novellus's

6   purported experts or the bases for their opinions because Novellus disclosed no such experts to

7   Poris.  Novellus's violations of the Patent L.R. 4-2 and 4-3 have made it impossible for Poris to

8   comply with Patent L.R. 4-4, and Novellus should not be permitted to benefit from its violations of

9   the Patent Local Rules.

10       Even after the passing of the August 23rd, September 3rd, and September 17th deadlines

11   under the Local Patent Rules and the Case Management Schedule, Novellus waited three

12   additional weeks (until October 8, 2010) before disclosing and citing to the testimony of Mr.

13   Nanis, for the first time, in connection with Novellus's Responsive Construction Brief.  Under the

14   Case Management Schedule (Docket Entry Nos. 18-19), Poris's Reply Construction Brief to

15   Novellus's Responsive Construction Brief is due on October 18, 2010, ten days after Novellus

16   filed its Responsive Construction Brief.  Novellus's actions denied Poris sufficient notice and

17   opportunity to discover the bases for Mr. Nanis's opinions and his qualifications, or to locate a

18   rebuttal expert, in the ten day window between Novellus's first disclosure of the Nanis testimony

19   and the due date for Poris's present Construction Reply Brief.

20       Novellus's Patent Local Rules violations should not be countenanced, and are especially

21   objectionable based upon the prejudice Novellus's omissions have caused to Poris.  Despite being

22   obligated to do so on multiple occasions, Novellus either chose to rely upon the Nanis Declaration

23   at the last minute or purposefully withheld its intent to rely upon the Nanis Declaration in an

24   attempt make it difficult for Poris to timely rebut.  Either course of action is impermissible under

25   the Patent Local Rules and principles of fairness and equity.  The Nanis Declaration should be

26   stricken, and Novellus enjoined from relying upon it in support of its construction positions.

27

28

**PORIS'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1

2
**B.      This District's Precedent Establishes Poris's Motion to Strike the Nanis Declaration Should Be Grated Based Upon Novellus's Patent Local Rules Violations**

3

4
Other courts in this District have concluded that any testimony disclosed and referred to by

5
a party for the first time in connection with its claim construction briefing should be stricken under

6
Patent L.R. 4-2 and 4-3.  For example, in *Nordic Naturals, Inc. v. J.R. Carlson Laboratories, Inc.*,

7
2008 WL 2357312 (June 6, 2008, N.D. Cal.), the Court granted a motion to strike for the same

8
violations Novellus has committed here:

9
> Nordic Naturals filed a separate motion to strike the Declaration of Donald R. Steele, which defendants filed on February 18, 2008 with <u>their opposition to Nordic Naturals' opening claims construction brief</u>. As the basis for its motion, Nordic Naturals asserts that <u>defendants failed to disclose Mr. Steele's identity or his opinions prior to the February 18, 2008, filing</u>. . . the court finds that the motion must be GRANTED, as the Steele Declaration was filed in violation of Patent Local Rules 4-2 and 4-3.

10

11

12
*Id.* at \*11 (emphasis added).  Other courts have followed the *Nordic Naturals* holding when faced

13
with similar violations:

14
> In order to use an expert witness in claim construction proceedings, the proponent of such evidence must offer opposing counsel sufficient detail to allow them to conduct meaningful discovery.  *See* Patent Local Rule 4-3(d). <u>Real's failure to provide meaningful and timely information about its expert denied Friskit a reasonable opportunity to conduct discovery into the expert's opinions.</u> Even though RealNetworks argues that they "expressly reserved its right to submit an expert declaration in support of its claim construction brief," RealNetworks Letter Brief at 3, <u>Real had no authority to expand the local rules of the Court in this matter, unilaterally granting themselves the right to use an expert witness without adhering to the necessary disclosures.</u>

15

16

17

18

19
*Friskit, Inc. v. RealNetworks, Inc.*, 2005 WL 6249309 at \*1 (March 22, 2005, N.D. Cal.)

20
(emphasis added).

21
To the extent Novellus may attempt to assert the requirements of Patent L.R. 4-2 and 4-3

22
only apply in the event a party intends to call an expert to testify as a witness at the *Markman*

23
hearing, the *Friskit* court made it clear the disclosure requirements of the Local Patent Rules apply

24
to declaration testimony, such as that of Mr. Nanis, submitted in support of construction briefs:

25
> Real argues that Local Rule 4-3(d) only applies when a party intends to "call" the witness at the claim construction hearing, and does not apply in situations where a party intends to rely on its expert's declaration and not his/her live testimony. Read in the context of the local rules, however, this interpretation is <u>incongruent with the intent of the rules which were designed to streamline the complexities of patent cases, encouraging the disclosure of information before the claim construction hearing</u>. Whether the expert testifies in court or by declaration, the result is the same: <u>the sworn testimony of an expert is part of the claim</u>

26

27

28

-7-

1    construction record. Thus, the 4-3(d) requirements apply to any sworn testimony offered as
     substantive evidence.

2
*Id*. (emphasis added). Novellus's failure to disclose its intent to rely upon the Nanis testimony in
3
support of its construction positions stands in violation of the Patent Local Rules irrespective of
4
whether or not Novellus intends to call Mr. Nanis as a witness at the *Markman* hearing.

5
     The *Friskit* Court then entered the following holding, which conforms to the very relief
6
Poris asks the Court to grant to remedy Novellus's Patent Local Rules violations:
7
     In light of Real's failure to comply with the patent local rules, the Court GRANTS Friskit's
8    request by excluding the declarations and testimony of Real's experts who have not been
     properly disclosed as required by the local rules. Real's expert will be excluded from: 1)
9    Real's opposition to Friskit's opening *Markman* brief and 2) the *Markman* hearing,
     currently scheduled for April 12, 2005.
10
*Id*. at page *2. A similar result to the above described holdings should follow from Novellus's
11
manifest failure to comply with the disclosure requirements of Patent L.R. 4-2 and 4-3.
12
     **C.      The Nanis Declaration and Novellus's Citations to It Fail to Provide Evidence
13               of the Understanding of One of Ordinary Skill in the Art at the Time of Poris's
                 Invention**
14
     The Nanis Declaration and Novellus's citations to it must be stricken for the above
15
addressed violations of the Local Patent Rules. However, Mr. Nanis's Declaration is also
16
objectionable as incompetent for providing any evidentiary support for Novellus's construction
17
positions.
18
     The Nanis Declaration is largely dedicated to describing the accused Novellus tools and
19
making lawyer arguments regarding allegedly missing claim elements in Novellus's accused
20
SABRE® tools. Such testimony is irrelevant to the issues before the Court during claim
21
interpretation, and permitting Novellus to rely upon it violates well-established construction
22
precedent. *See, e.g., NeoMagic Corp. v. Trident Microsystems, Inc*., 287 F.3d 1062, 1074
23
(Fed.Cir.2002) ("[C]laims may not be construed by reference to the accused device."); *SRI Int'l v.*
24
*Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed.Cir.1985) (*en banc*) ("claims are not
25
construed "to cover" or "not to cover" the accused device. That procedure would make
26
infringement a matter of judicial whim."). The Nanis Declaration should be disregarded because it
27
is irrelevant to claim interpretation.
28

-8-

1    The Nanis Declaration is also objectionable and should be stricken because Novellus relies

2    upon Mr. Nanis's testimony despite never establishing he is a person having an ordinary level of

3    skill in the relevant art of Poris's patent at the time of Poris's invention. The words of a claim are

4    "generally given their ordinary and customary meaning . . . <u>to a person of ordinary skill in the art in</u>

5    <u>question at the time of the invention</u>," and this perspective provides "an objective baseline from

6    which <u>to begin</u> claim interpretation." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312-1313 (Fed. Cir.

7    2005 (*en banc*) (citations omitted) (emphasis added).

8    Mr. Nanis merely <u>concludes</u> he is:  "an expert in the field of electrochemical deposition of

9    metal, including the electrochemical deposition of metal onto semiconductor wafers."  (Nanis

10   Decl., ¶ 1).  However, Novellus fails to both define the relevant art of the Poris `749 patent and to

11   establish Mr. Nanis has experience in that relevant art.  Also, Novellus's Responsive Construction

12   Brief acknowledges, at page 2, lines 8-9, that:  "The earliest application to which the '749 patent

13   can claim priority was filed on August 1, 1990."  Novellus is thus aware of the time of Poris's

14   invention, but Novellus fails to establish Mr. Nanis was one of ordinary skill in the relevant art at

15   the time of Poris's invention in 1990.  *See Phillips,* 415 F.3d at 1312-1313.

16   The Nanis Declaration should also be stricken because Novellus has failed to establish Mr.

17   Nanis's testimony is from the perspective of one of ordinary skill in the relevant art of Poris's

18   invention at the time of Poris's invention.  Novellus uses the Nanis Declaration either to merely

19   restate portions of the `749 disclosure or to describe Novellus's accused tools.  Novellus's attempts

20   to improperly and prematurely draw the Court's attention towards Novellus's non-infringement

21   arguments should be disregarded.

22   Mr. Nanis's irrelevant testimony should be stricken.  Any alleged need Novellus has for

23   relying upon his testimony outweighed by the prejudice to Poris due to Novellus's failure to

24   disclose it, as required under the Patent Local Rules.  Novellus should not be permitted to rely

25   upon the Nanis Declaration in any way.

26   **IV.    CONCLUSION**

27   In view of Novellus's violations of Patent L.R. 4-2, 4-3 and 4-4 and the suspect evidentiary

28   weight of the Nanis Declaration, and in keeping with prevailing precedent of this District, Poris

**-9-**

**PORIS'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1   respectfully asks the Court to enter an Order finding that:

2          1)      the Nanis Declaration (Docket Entry No. 32) shall be disregarded and stricken from

3                  the record;

4          2)      Mr. Nanis shall be precluded from providing any testimony at the *Markman*

5                  hearing; and

6          3)      all the following portions of Novellus's Responsive Construction Brief (Docket

7                  Entry No. 31), which cite to Mr. Nanis's declaration testimony, shall be stricken

8                  from Novellus's brief and shall be disregarded by the Court:

9                          Page 2, lines 12-16, 17-23, 25-26, footnote 2;
                           Page 3, lines 1-5, 6-13 (Table II), 14-17, 18-22, 23-28 (Fig. 3);
10                         Page 4, lines 1-8, 9-14 (Fig. 5), 15-18, 19-26 (Fig. 6);
                           Page 5, lines 1-2, 3-9 (Fig. 7A), 10-23 (Fig. 9), 24-28;
11                         Page 6, lines 1-16, 17-22, 23-25, footnote 3.
                           Page 7, lines 1-4, 5-13 (Fig. 11B), 18-28;
12                         Page 8, lines 1-3; and
                           Page 19, lines 1-6 (re: "gasket").

13

14   DATED:  October 18, 2010                    Respectfully submitted,

15                                               KING & KELLEHER, LLP

16

17                                               By:  */s/Edward Vincent King, Jr.*
                                                      Edward Vincent King, Jr.

18                                               Attorneys for Plaintiff and Counter-Defendant
19                                               JAIME PORIS

20

21

22

23

24

25

26

27

28

-10-