1  IRELL & MANELLA LLP
   Samuel K. Lu (171969)
2  Blake B. Greene (260930)
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
4  Facsimile:  (310) 203-7199
   E-mail: slu@irell.com
5  E-mail: bgreene@irell.com

6  Attorneys for Defendant and Counterclaimant
   NOVELLUS SYSTEMS, INC.
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 JAIME PORIS,                        ) Case No. CV 10-0947 JSW
                                       )
12         Plaintiff and               )
           Counterclaim-Defendant,     ) **NOVELLUS SYSTEMS, INC.'S**
13                                     ) **OPPOSITION TO PLAINTIFF'S**
       vs.                             ) **MOTION TO STRIKE THE**
14                                     ) **DECLARATION OF LEONARD**
   NOVELLUS SYSTEMS, INC.,             ) **NANIS, DR. SC.**
15                                     )
           Defendant and               )
16         Counterclaimant.            ) Date:  January 7, 2011
                                       ) Time:  9:00 a.m.
17                                     ) Ctrm:  Eleven

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS ..................................................................................................1

III. DR. NANIS DEFINED THE RELEVANT ART ................................................................2

IV. DR. NANIS IS AN EXPERT IN THE RELEVANT ART ..................................................3

V. THE SOLE PURPOSE OF THE NANIS DECLARATION IS TO EDUCATE THE COURT .......................................................................................................4

    A. The Court And Federal Circuit Case Law Expressly Permit Dr. Nanis To Describe The Accused Novellus Products For Context ....................4

    B. Dr. Nanis' Description Of The '749 Patent Disclosure And Background Technology Is Nothing More Than Tutorial Information For The Court ................................................................................5

VI. NOVELLUS HAS NOT VIOLATED THE PATENT LOCAL RULES ............................6

    A. The Patent Local Rules Do Not Require The Identification Of Expert Testimony Used Solely For Educational Purposes......................................7

    B. Novellus Does Not Intend To Call Dr. Nanis At The Claim Construction Hearing ................................................................................................8

    C. Novellus Has Not Prejudiced Plaintiff ......................................................................9

    D. Plaintiff's Arguments Relating To "The '749 Patent Disclosure" Section Of Novellus' Responsive Claim Construction Brief Are Moot ........................................................................................................................10

VII. CONCLUSION ..................................................................................................................10

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640
- i -
Case No. CV 10-0947 JSW

## TABLE OF AUTHORITIES

Page

**Cases**

*Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*,
    122 F.3d 1040 (Fed. Cir. 1997) .................................................................................... 4

*Friskit, Inc. v. RealNetworks, Inc.*,
    No. C 03-5085 FMS, 2005 WL 6249309 (N.D. Cal. Mar. 22, 2005) ..................... 7, 8, 9

*Nordic Naturals, Inc. v. J.R. Carlson Labs., Inc.*,
    No. C 07-2385 PJH, 2008 WL 2357312 (N.D. Cal. June 6, 2008) .................................. 7

*Pall Corp. v. Hemasure Inc.*,
    181 F.3d 1305 (Fed. Cir. 1999) .................................................................................... 5

*Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*,
    459 F.3d 1311 (Fed. Cir. 2006) .................................................................................... 5

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) ..................................................................................... 6

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
    442 F.3d 1322 (Fed. Cir. 2006) .................................................................................... 5

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE THE NANIS DECLARATION
2331640
- ii -
Case No. CV 10-0947 JSW

## I.  INTRODUCTION

The Court is faced with the daunting task of determining the proper construction of the disputed claim terms of U.S. Reissued Patent No. RE37,749 (the "'749 patent") without having the benefit of months of preparation time, as the parties have, to review the '749 patent, to learn the background technology, and to appreciate the implications of each party's proposed constructions.  Novellus sought to assist the Court in learning the relevant technology by starting the education process in advance of the claim construction tutorial (the "Tutorial").  Consequently, Novellus' Tutorial expert, Leonard Nanis, Dr. Sc. ("Dr. Nanis"), prepared an expert declaration (the "Nanis Declaration") to describe the '749 patent disclosure, the background technology of the '749 patent, and the accused Novellus products, without any opinions related to claim construction.  The Nanis Declaration was thus nothing more than a preview of the Tutorial.

Plaintiff elected not to begin the process of educating the Court.  In fact, Plaintiff's claim construction briefing was devoid of any discussion of the relevant technology whatsoever.  Plaintiff now moves to strike the Nanis Declaration, and those portions of Novellus' Claim Construction Brief which cite to it, alleging, among other things, that Novellus did not timely disclose Dr. Nanis' testimony under the patent local rules.  But Novellus did not have any obligation to do so because Novellus cited the Nanis Declaration in the "Background" section of its brief for *educational purposes only*.  Moreover, Plaintiff does not and cannot show that he has suffered any prejudice based on Novellus' actions.  Finally, the portions of the Nanis Declaration and Novellus' brief relating to the accused Novellus products were submitted at the Court's request.

Novellus therefore respectfully requests that Plaintiff's Motion to Strike be denied in its entirety.

## II.  STATEMENT OF FACTS

During the Tutorial, the Court will permit each party "to present a short summary and explanation of the technology at issue."  (Ex. 1 (Hon. Jeffrey S. White's Standing

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640

- 1 -

Case No. CV 10-0947 JSW

Order for Patent Cases) ¶ 7.)[1]  The Court indicated at the Case Management Conference that it required experts to present the Tutorial rather than attorneys.  (Ex. 2 (Case Management Conference Tr.) at 10:4-5.)

Consequently, Novellus retained Dr. Nanis to serve as its Tutorial expert.  In that role, Dr. Nanis prepared and signed the Nanis Declaration, filed concurrently with Novellus' Responsive Claim Construction Brief, to summarize and explain the technology at issue in this case.  Specifically, the Nanis Declaration addresses only the following:

- Dr. Nanis' qualifications (i.e., experience in the relevant field of art of the '749 patent, compensation and prior testimony, and materials studied) (*see* Ex. 3 (Nanis Decl.) ¶¶ 1-7);
- The background technology of the '749 patent (*see id.* ¶¶ 8-13);
- The '749 patent disclosure (*see id.* ¶¶ 14-23); and
- The accused Novellus products (*see id.* ¶¶ 24-34).

At no point in the declaration does Dr. Nanis offer his opinion as to the meaning of any disputed claim term.

At the Case Management Conference, the Court also explained that "it's okay for the parties to tell the Court why I should care about your construction; in other words, why does it drive the case, because sometimes it's done in such a vacuum that it's impossible to write the order in a way that ultimately makes sense.  It's like putting on a blindfold and saying: what have I done, you know."  (Ex. 2 (Case Management Conference Tr.) at 11:20-25.)  Per the Court's suggestion, in briefing, Novellus identified the differences between the '749 patent and the accused Novellus products.  (*See* Def. Opp. (Dkt. 31) 7-8.)

## III.   DR. NANIS DEFINED THE RELEVANT ART

As an initial matter, Plaintiff has no basis for arguing that "Novellus fails to . . . define the relevant art of the Poris '749 patent . . . ."  (Pl. Mot. (Dkt. 36) 9.)  This is clear from the first sentence of the section of the Nanis Declaration titled "The '749 Patent Disclosure," which defines the relevant art as follows:

---

[1] All citations preceded by "Ex. X" refer to exhibits attached to the Declaration of Blake B. Greene in Support of Novellus' Opposition to Plaintiff's Motion to Strike, filed herewith.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640                                  - 2 -                               Case No. CV 10-0947 JSW

> The '749 patent discloses, among other things, an apparatus that is used to process a semiconductor wafer. The individual process step that is performed by the disclosed apparatus is the selective <u>electrodeposition of a metal, such a copper, onto a semiconductor wafer</u>.

(Ex. 3 (Nanis Decl.) ¶ 14.) With this language, Dr. Nanis has clearly explained that the relevant art of the '749 patent is the "electrodeposition of a metal . . . onto a semiconductor wafer." Moreover, Dr. Nanis' definition of the relevant art is essentially the same as Plaintiff's own definition of "the relevant art" as "apparatuses for electrodeposition of metal onto a semiconductor." (Pl. Br. (Dkt. 29) 3.)

## IV.  DR. NANIS IS AN EXPERT IN THE RELEVANT ART

Plaintiff also contends that "Novellus fails . . . to establish [that] Mr. Nanis has experience in that relevant art." (Pl. Mot. (Dkt. 36) 9.) But the very first sentence of the Nanis Declaration explains that Dr. Nanis is "an expert in the field of electrochemical deposition [(or "electrodeposition")] of metal, including the electrochemical deposition of metal onto semiconductor wafers." (Ex. 3 (Nanis Decl.) ¶ 1.)

Dr. Nanis then substantiates this statement with reference to his extensive education and work experience listed in his curriculum vitae and summarized in the "Experience" section. (*See id.* ¶¶ 1-5.) Some highlights of his work experience include:

- "[O]ver twenty years of industry experience electrochemically depositing metal onto various substrates, including semiconductor wafers" (*id.* ¶ 2)
- As a professor of Chemical and Biochemical Engineering at the University of Pennsylvania from 1965 to 1975, "directed research on current distribution in electrochemical deposition" (*id.* ¶ 4).

Plaintiff also objects to the Nanis Declaration because Novellus "never establish[ed] [that Dr. Nanis] is a person having an <u>ordinary</u> level of skill in the relevant art of Poris's patent at the time of Poris's invention." (Pl. Mot. (Dkt. 36) 9 (emphasis added).)[2] But this

---

[2] Plaintiff also objects to the Nanis Declaration because "Novellus has failed to establish Mr. Nanis's testimony is from the perspective of one of ordinary skill in the relevant art of Poris's invention at the time of Poris's invention." (Pl. Mot. (Dkt. 36) 9.) But this perspective is relevant only for the purposes of claim construction, for which Dr. Nanis does not offer any opinion. *See infra* Section V. Rather, Dr. Nanis' testimony is intended solely for the purpose of educating the Court on the relevant technology. *See id.* It is therefore unnecessary for his testimony to be from the perspective of a person having ordinary skill in the art at the time of the invention.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640                                     - 3 -                                    Case No. CV 10-0947 JSW

argument is based on a mischaracterization of the case law. Experts are not required to be persons of ordinary skill in the art; indeed, experts are generally persons of extraordinary skill in the art. *See Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) (rejecting defendants' objection that plaintiffs' expert was not a "person of ordinary skill in the art" as "meritless" and noting that to "suggest that the [theoretical 'person of ordinary skill in the art'] construct applies to particular individuals could mean that a person of *exceptional* skill in the art would be disqualified from testifying as an expert because not ordinary enough"). Dr. Nanis' substantial credentials establish that he is qualified to testify as an expert regarding the '749 patent disclosure, the background technology, and the accused Novellus products.

## V. THE SOLE PURPOSE OF THE NANIS DECLARATION IS TO EDUCATE THE COURT

Plaintiff states that "Novellus uses the Nanis Declaration either to merely restate portions of the '749 disclosure or to describe Novellus's accused tools."[3] (Pl. Mot. (Dkt. 36) 9.) Novellus could not agree more. The Nanis Declaration does ***nothing more*** than begin the process of educating the Court on the relevant technology (i.e., the '749 patent disclosure, the background technology, and the accused Novellus products). Indeed, Novellus cites to the Nanis Declaration in the "Background" section of its Responsive Claim Construction Brief exclusively for that purpose. Additionally, Dr. Nanis does not opine on the proper construction of any disputed claim term.

### A. The Court And Federal Circuit Case Law Expressly Permit Dr. Nanis To Describe The Accused Novellus Products For Context

Novellus does not dispute that Dr. Nanis' description of the accused Novellus products, which is reflected in Section II.D of Novellus' Responsive Claim Construction Brief, has nothing to do with the proper construction of any disputed claim term. (*See* Ex. 3 (Nanis Decl.) ¶¶ 24-34.) Dr. Nanis describes the accused tools *solely* for the purpose

---

[3] Notably, Plaintiff does not contend that any testimony in the Nanis Declaration is inaccurate.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE NANIS DECLARATION
2331640
- 4 -
Case No. CV 10-0947 JSW

of providing context for the Court's claim construction, and this is the only reason for which Novellus cites it.

The Court explicitly authorized such a discussion when it invited each party "to tell the Court why [it] should care about [the party's] construction; in other words, why does it drive the case, because sometimes it's done in such a vacuum that it's impossible to write the order in a way that ultimately makes sense." (Ex. 2 (Case Management Conference Tr.) at 11:20-24.) The Court's approach has met with approval by the Federal Circuit: "a trial court may consult the accused device for context that informs the claim construction process." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1319 (Fed. Cir. 2006) (citing *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006) ("knowledge of that product or process provides a meaningful context for . . . claim construction."); *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("Although the construction of the claim is independent of the device charged with infringement, it is convenient for the court to concentrate on those aspects of the claim whose relation to the accused device is in dispute.")).

Unlike Novellus, Plaintiff declined the Court's open invitation to explain why his construction "drive[s] the case." (*See* Ex. 2 (Case Management Conference Tr.) at 11:21-22.) Plaintiff now seeks to strike these portions of the Nanis Declaration and Novellus' Responsive Claim Construction Brief, which would deprive the Court of any context for its claim construction, leaving it "blindfold[ed]" and saying "What have I done?". (*See id.* at 11:24-25.) The Court should decline Plaintiff's request.

**B.      Dr. Nanis' Description Of The '749 Patent Disclosure And Background Technology Is Nothing More Than Tutorial Information For The Court**

During the Tutorial, Dr. Nanis will be permitted "to present a short summary and explanation of the technology at issue" in order to educate the Court. (*See* Ex. 1 (Hon. Jeffrey S. White's Standing Order for Patent Cases) ¶ 7; (Ex. 2 (Case Management Conference Tr.) at 10:4-5.) As a preview of his Tutorial presentation, Dr. Nanis devotes portions of his declaration to describe the '749 patent disclosure ("The '749 Patent

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640                              - 5 -                        Case No. CV 10-0947 JSW

Disclosure" section (*see* Ex. 3 (Nanis Decl.) ¶¶ 14-23)) and the background technology ("Semiconductor Wafer Processing" and "Electrodeposition of Metal" sections (*see id.* ¶¶ 8-13)). These sections are ***comprised entirely of facts*** and are intended ***solely*** for the purpose of beginning the process of educating the Court on the relevant technology. At no point does Dr. Nanis offer his opinion on the proper construction of any disputed claim term.

Notably, with two minor exceptions,[4,5] Novellus does not rely on Dr. Nanis' testimony from these or other sections to support any of its proposed claim constructions. Rather, Novellus cites to the Nanis Declaration for ***educational purposes only***, as evidenced by the fact that all (but two) of these citations are in the "Background" section of Novellus' brief. *Cf. Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1585 (Fed. Cir. 1996) (noting that "testimony on the technology is far different from other expert testimony, whether it be of an attorney, a technical expert, or the inventor, on the proper construction of a disputed claim term."). Novellus believes that the educational information in this section is useful for the Court to understand the arguments that the parties are making in their respective claim construction briefs. It is telling that Plaintiff's briefs are devoid of any description of the '749 patent disclosure and the background technology whatsoever. Clearly, Plaintiff seeks to avoid educating the Court about what the '749 patent discloses for fear of highlighting the unreasonableness of his proposed claim constructions.

## VI. NOVELLUS HAS NOT VIOLATED THE PATENT LOCAL RULES

Plaintiff contends that Novellus did not timely "disclose its intent to rely upon Mr. Nanis's testimony, and the substance of his testimony," in violation of Patent L.R. 4-2,

---

[4] A mere two sentences in Novellus' discussion of the "gasket" term cite to the Nanis Declaration. (*See* Def. Opp. (Dkt. 31) 20.) This cited testimony, also a mere two sentences, only discloses facts based on the teachings of the '749 patent specification rather than any opinions on the proper construction of "gasket." (*See* Ex. 3 (Nanis Decl.) ¶ 22.) Novellus would not modify its construction of the "gasket" term in the absence of this factual testimony.

[5] Plaintiff erroneously cites the page of Novellus' Responsive Claim Construction Brief containing these citations. (*See* Pl. Mot. (Dkt. 36) 2, 10 & [Proposed] Order (Dkt. 36-1) 2 ("Page 19, lines 1-6" should read "Page 20, lines 1-6").)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640 - 6 - Case No. CV 10-0947 JSW

4-3, and 4-4.  (Pl. Mot. (Dkt. 36) 2.)  But Novellus had no obligation to disclose Dr. Nanis' testimony under these rules.

### A. The Patent Local Rules Do Not Require The Identification Of Expert Testimony Used Solely For Educational Purposes

The relevant portions of Patent L.R. 4-2 and 4-3 stand for the proposition that a party is required to identify expert testimony on which it intends to rely <u>to support its proposed construction</u>.[6]  *See* Patent L.R. 4-2(b) ("each party shall . . . designate any <u>supporting</u> extrinsic evidence"), 4-3(b) ("an identification of any extrinsic evidence known to the party <u>on which it intends to rely . . . to support its proposed construction</u>").  As discussed in the previous section, with two minor exceptions,[7] Novellus does not rely on the Nanis Declaration to support its proposed constructions.  Rather, Novellus cites to the Nanis Declaration for ***educational purposes only***.  The patent local rules do not require disclosure of expert testimony used for these purposes.

The two cases cited by Plaintiff are inapposite because the offending parties in those cases relied upon expert opinion related to claim construction.  *See Nordic Naturals, Inc. v. J.R. Carlson Labs., Inc.*, No. C 07-2385 PJH, 2008 WL 2357312, at *11 (N.D. Cal. June 6, 2008); *Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-5085 FMS, 2005 WL 6249309, at *1 (N.D. Cal. Mar. 22, 2005).  As discussed above, Dr. Nanis does not offer any opinions related to claim construction.  *See supra* Section V.

---

[6] There is no dispute that Novellus does not cite to the Nanis Declaration to oppose any of Plaintiff's proposed constructions.

[7] At the time of the Patent L.R. 4-2, 4-3, and 4-4 deadlines, Novellus did not intend to cite to Dr. Nanis' testimony in its discussion of the "gasket" term.  In fact, Novellus did not have this intention until a few days prior to the filing of its brief.  Patent L.R. 4-3 only requires the identification of "extrinsic evidence known to the party <u>on which it intends to rely</u>."  Because Novellus had no intent to use Dr. Nanis' testimony prior to these deadlines, it did not have an obligation to disclose this testimony under these rules.  Even if the Court were to find that Novellus was required to disclose this testimony, Plaintiff has not shown and cannot show that he has been prejudiced.  Dr. Nanis' cited testimony only discloses facts based on the teachings of the '749 patent specification, which was available to Plaintiff long before Novellus filed its Responsive Claim Construction Brief (indeed, he is the patent inventor), and Plaintiff had ample time to study and to address the mere two sentences of factual testimony before his reply brief was due.  (*See* Ex. 3 (Nanis Decl.) ¶ 22.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE NANIS DECLARATION
2331640
- 7 -
Case No. CV 10-0947 JSW

1   Notably, the *Friskit* case, cited by Plaintiff, further evidences the fact that the patent
2   local rules did not require Novellus to disclose Dr. Nanis' testimony.  In that case, the
3   Court declined to exclude the expert from the *Markman* tutorial "because the tutorial is
4   outside the scope of the local patent rules." *Friskit*, 2005 WL 6249309, at *2.  This
5   statement suggests that testimony cited solely for the purpose of educating the Court (i.e.,
6   tutorial testimony) is outside the scope of the patent local rules.  Indeed, all of the citations
7   to the Nanis Declaration in the "Background" section of Novellus' Responsive Claim
8   Construction Brief are cited *exclusively* for this purpose.  *See supra* Section V.

### B. Novellus Does Not Intend To Call Dr. Nanis At The Claim Construction Hearing

Similarly, Novellus was not required to disclose Dr. Nanis' testimony under Patent L.R. 4-3(e), which requires a joint claim construction statement to contain the following:

> Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

Contrary to the impressions left by Plaintiff in his Motion to Strike, (*see* Pl. Mot. (Dkt. 36) 5), Novellus has not changed its position that it does not intend to call any expert witnesses at the Claim Construction Hearing, including Dr. Nanis (*see* Joint Claim Construction Statement (Dkt. 28) 5; Amended, Final Joint Claim Construction Statement (Dkt. 41) 5). Novellus intends to call Dr. Nanis solely for the Tutorial, as evidenced by the fact that the Nanis Declaration *only* contains tutorial information intended to educate the Court. Because Patent L.R. 4-3(e) requires disclosure of witnesses to be called at the <u>Claim Construction Hearing</u>, Novellus did not have any obligation under this rule to disclose Dr. Nanis and his testimony.

Plaintiff contends that "the *Friskit* court made it clear the disclosure requirements of the Local Patent Rules apply to declaration testimony, such as that of Mr. Nanis, submitted in support of construction briefs." (Pl. Mot. (Dkt. 36) 7.)  But this argument is based on a mischaracterization of *Friskit*.  The *Friskit* court limited its holding to former Patent L.R.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640                                  - 8 -                               Case No. CV 10-0947 JSW


4-3(d), which appears to have been the predecessor of current Patent L.R. 4-3(e): "the 4-3(d) requirements apply to any sworn testimony offered as substantive evidence." *See Friskit*, 2005 WL 6249309, at *1. To the extent that the *Friskit* holding applies to current Patent L.R. 4-3(e),[8] Novellus still was not required to disclose Dr. Nanis and his testimony under this rule because Novellus does not offer the Nanis Declaration as "substantive evidence."[9] Novellus cites to the Nanis Declaration in the "Background" section of its brief for the ***sole*** purpose of educating the Court. *See supra* Section V.

### C. Novellus Has Not Prejudiced Plaintiff

Plaintiff contends that he has been prejudiced by "Novellus's violations of Patent L.R. 4-2 and 4-3." (Pl. Mot. (Dkt. 36) 5.) But any alleged prejudice is irrelevant because, for the reasons stated above, Novellus has not violated either Patent L.R. 4-2 or Patent L.R. 4-3. Neither of these rules required Novellus to identify Dr. Nanis' testimony. Moreover, Plaintiff has not shown and cannot show that he has suffered any prejudice.

First, Plaintiff argues that he was deprived of the opportunity to discover the bases for Dr. Nanis' opinions related to claim construction. (*Id.* at 5-6.) But Dr. Nanis did not offer any opinions in his declaration related to claim construction. *See supra* Section V.

Plaintiff next contends that he was prevented from "procuring and presenting testimony from a rebuttal expert." (Pl. Mot. (Dkt. 36) 5.) But the sole purpose of the Nanis Declaration is to educate the Court on the relevant technology. *See supra* Section V. Therefore, any "rebuttal" testimony would likewise be for tutorial rather than claim construction purposes. Plaintiff could have offered this testimony with his claim construction briefs but <u>elected</u> to wait until the Tutorial to do so. Indeed, had Plaintiff's Opening Claim Construction Brief cited to an expert declaration for educational purposes

---

[8] It is unclear whether the *Friskit* holding applies to current Patent L.R. 4-3(e) because the language of former Patent L.R. 4-3(d) seems quite different from that of current Patent L.R. 4-3(e) and, more importantly, Patent L.R. 4-3(e) was not and has not been revised by the Northern District of California to indicate that the rule applies to "any sworn testimony."

[9] To the extent that the mere two sentences of Dr. Nanis' testimony cited in Novellus' discussion of the "gasket" term are deemed to be "substantive evidence," Novellus maintains that it did not have an obligation to disclose this testimony at the time of the Patent L.R. 4-3 deadline because it did not have an intent to use this testimony. *See supra* n.7. Moreover, Plaintiff has not been prejudiced by Novellus' use of this testimony. *See id.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640
- 9 -
Case No. CV 10-0947 JSW

only, Novellus would have been without recourse under Patent L.R. 4-2, 4-3, and 4-4 to exclude this testimony. Plaintiff has not shown any prejudice, nor can he show it, because Novellus' actions did not impact his ability to offer the tutorial testimony of his expert.

Finally, Plaintiff argues that he was deprived of the opportunity to discover Dr. Nanis' qualifications. (Pl. Mot. (Dkt. 36) 6.) But Plaintiff has Dr. Nanis' curriculum vitae, which was attached as Exhibit 1 to the Nanis Declaration, and can raise any challenges to Dr. Nanis' qualifications with the Court at the Tutorial. (Such a challenge will be meritless, however, in light of Dr. Nanis' substantial experience in the relevant art as discussed in Section IV above.)

### D. Plaintiff's Arguments Relating To "The '749 Patent Disclosure" Section Of Novellus' Responsive Claim Construction Brief Are Moot

In its Surreply Claim Construction Brief, Novellus reproduced the section of Novellus' Responsive Claim Construction Brief titled "The '749 Patent Disclosure," replacing citations to the Nanis Declaration with corresponding citations to the '749 patent. (*See* Def. Surreply (Dkt. 40) 9-14.) Accordingly, this section no longer contains any citations to the Nanis Declaration.[10] The Court may therefore consider "The '749 Patent Disclosure" in Novellus' Surreply Claim Construction Brief no matter its decision on Plaintiff's Motion to Strike.

### VII. CONCLUSION

For all of the foregoing reasons, Novellus respectfully requests that the Court deny Plaintiff's Motion to Strike.

---

[10] Notably, the replaced citations corresponded to the section of the Nanis Declaration also titled "The '749 Patent Disclosure." (*See* Ex. 3 (Nanis Decl.) ¶¶ 14-23.) This section is merely a factual recitation of what the '749 patent discloses. This information was available to Plaintiff long before Novellus filed its Responsive Claim Construction Brief (indeed, he is the patent inventor). Plaintiff could have discussed it in his claim construction briefs, but he elected not to. Plaintiff therefore has not shown and cannot show that he has suffered any prejudice with respect to this section. (Tellingly, Plaintiff has not contended that any of the cited testimony is inaccurate.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640 - 10 - Case No. CV 10-0947 JSW

| | | |
|---|---|---|
| 1 | Dated: November 2, 2010 | Respectfully submitted, |
| 2 | | IRELL & MANELLA LLP |
| 3 | | Samuel K. Lu<br>Blake B. Greene |
| 5 | | By: /s/ *Blake B. Greene* |
| 6 | |     Blake B. Greene |
| 7 | | Attorneys for Defendant and Counterclaimant<br>NOVELLUS SYSTEMS, INC. |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOVELLUS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE NANIS DECLARATION
2331640

- 11 -

Case No. CV 10-0947 JSW