Edward Vincent King, Jr. (SBN 085726)
KING & KELLEHER, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 781-2888
Facsimile: (415) 781-3011
evking@kingandkelleher.com

Attorneys for Plaintiff and Counter-Defendant
JAIME PORIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME PORIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVELLUS SYSTEMS, INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 10-0947 JSW<br><br>**PLAINTIFF JAIME PORIS'S REPLY TO NOVELLUS SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC., IN SUPPORT OF NOVELLUS SYSTEMS, INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**<br><br>Hearing Date: January 7, 2011<br>Time:            9:00 a.m.<br>Courtroom:   11 |

Novellus Systems, Inc. (hereinafter "Novellus") opposes Poris's Motion to Strike the Declaration of Leonard Nanis, Dr. Sc. (hereinafter "the Nanis Declaration") and references to the Nanis Declaration in Novellus Systems, Inc.'s Responsive Claim Construction Brief (hereinafter "Novellus's Responsive Claim Construction Brief") claiming the Nanis Declaration was not filed in violation of this Court's disclosure requirements because the Nanis Declaration was submitted for "educational purposes only." Novellus is wrong because:

1) Novellus <u>admits</u> it relies on the Nanis Declaration to support its proposed constructions;

2) The Nanis Declaration is <u>not</u> a mere tutorial, but an argumentative device which purports to interpret the patent language and argues non-infringement filed "in connection with claim construction";

3) Poris is prejudiced by Novellus's unlawful and unethical attempt to circumvent its obligations under the Patent Local Rules;

4) Novellus's retraction of the improper use of the Nanis Declaration in Novellus Systems, Inc.'s Surreply Claim Construction Brief, <u>after</u>, Poris filed Plaintiff Jaime Poris's Motion to Strike the Declaration of Leonard Nanis, Dr. Sc. (hereinafter "Motion to Strike") concedes Novellus's impropriety and is too little, too late; and,

5) Novellus's false "straw man" arguments are unavailing.

Novellus was obligated to disclose all extrinsic evidence including expert testimony and "any opinions to be rendered in connection with claim construction." Patent L.R. 4-2(b). Novellus failed to disclose Nanis and his opinions. The Nanis Declaration, his opinions, arguments, and the portions of Novellus's Claim Construction Brief which rely upon the Nanis opinions and arguments should be stricken.

**A.     Novellus <u>Admits</u> it Relies on Nanis for Claim Construction**

Although Novellus states in Novellus Systems, Inc.'s Opposition to Plaintiff's Motion to Strike the Declaration of Leonard Nanis, Dr. Sc. (hereinafter "Novellus's Opposition to Motion to Strike"), in heavy emphasis, *ad nauseam*, that the Nanis Declaration is for "educational purposes

-1-

**PORIS'S REPLY TO NOVELLUS'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

only," Novellus admits in its Opposition to Motion to Strike that it relies upon and cites the Nanis Declaration to support its proposed construction of the term "gasket." (Novellus's Opposition to Motion to Strike at 6:7-8, fn. 4 (citing to Novellus's Responsive Claim Construction Brief, 20:1-6). Novellus's admitted submission and reliance on the Nanis Declaration without disclosure violates Patent L.R. 4-2(b).

### B. The Nanis Declaration is Not Just a "Tutorial"

Any reader of the Nanis Declaration will recognize that parts of the Declaration are simple factual recitations of the contents of the patents, while other parts of the Nanis Declaration are wholly argumentative, false and misleading statements structured to appear as simple recitations of undisputable facts. The Nanis Declaration is replete with Nanis's adoption of disputed claim constructions asserted by Novellus without recognition that the position is disputed. For instance, Nanis states: "The virtual anode gasket prevents leakage of the electrolyte from the interior of the cell, between the virtual anode and the cell body, to the outside environment. (*See, e.g., id.* at Fig. 9; 10:30-31, 12:36-37, 12:48)." (Nanis Declaration, 7:15-17.) Review of the cited references demonstrates that the "prevention of leakage" "to the outside environment" is not found as a function of the virtual anode gasket in the patent specification. Nanis creates the "outside environment" requirement out of whole cloth. The only "evidence" of such a requirement is the assertion of the Novellus's lawyers in Novellus's Responsive Claim Construction Brief. Nanis does not disclose that his "requirement" is disputed, nor does he disclose that his Declaration simply parrots the position asserted by the Novellus's lawyers. Review of the Nanis Declaration and citations therein shows numerous "creations" of claim limitations which are disputed by Poris and not supported by the intrinsic record. Advocacy is not a tutorial. Misleading advocacy most certainly is not a tutorial. The Nanis advocacy, undisclosed as required, should be stricken.

### C. Even if a "Tutorial," Nanis was Required to be Disclosed

Novellus, in its Opposition to Motion to Strike, asserts that "tutorial information" submitted in connection with its claim construction brief is not subject to the Patent Local Rules. Says who? The Patent Local Rules require disclosure of "any opinion to be rendered in connection

-2-

**PORIS'S REPLY TO NOVELLUS'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

with claim construction." L.R. 4-2(b) (emphasis added). The Nanis Declaration filed with Novellus's Responsive Claim Construction Brief was obviously, and certainly "rendered in connection with claim construction." Novellus relies on the Nanis Declaration and cites the Nanis Declaration. The Nanis Declaration is entitled "Declaration of Leonard Nanis, Dr. Sc. In Support of Novellus Systems, Inc.'s Responsive Claim Construction Brief" (emphasis added). Certainly an expert declaration submitted "in support" of a "claim construction brief" is an opinion "rendered in connection with claim construction." By any measure, Novellus has violated and disregarded the Patent Local Rules. Poris's Motion to Strike should be granted.

### D. Poris is Prejudiced by Novellus's Violation of the Rules

Novellus asserts that Poris is not "prejudiced" by its improper use of the Nanis Declaration. Novellus is wrong. Consider the "virtual anode gasket" statements referenced above. If Poris had known of Nanis's opinion, he certainly would have deposed Nanis to demonstrate that Nanis had no factual basis for his statements. Moreover, Poris would have submitted extrinsic evidence to show that the virtual anode gasket is not required to prevent leakage to the environment outside the cell, but is used to maintain control of copper ion flow through the virtual anode system. Poris could have submitted extrinsic evidence and cross-examination of Nanis to discredit his opinion submitted to the Court. The Local Rules are designed to give Poris an opportunity to attack Novellus's expert, and Novellus, by disregarding this Court's rules, has deprived Poris of his rightful opportunity. Obviously, the only reason for Novellus to submit the Nanis Declaration is to gain advantage to Poris's detriment and prejudice.

### E. Novellus's Attempts to Ameliorate its Wrongful Acts in its Surreply are Unavailing

Three days after Poris filed his Motion to Strike, Novellus filed its Surreply Claim Construction Brief wherein, Novellus retracts one reference to the Nanis Declaration found in its Responsive Claim Construction Brief, but not all the Nanis references. Additionally, Novellus states in its Surreply Claim Construction Brief, regarding certain unretracted citations to the Nanis Declaration upon which Novellus relies in its Responsive Claim Construction Brief: "Indeed, Novellus would not modify its construction in the absence of these citations." (Novellus's

-3-

**PORIS'S REPLY TO NOVELLUS'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**

1  Surreply Claim Construction Brief at 8, fn. 7.) Novellus appears to be trying to "unring the bell,"
2  but Novellus cannot erase, retract or "unring" its record of violation and of disregard of the Patent
3  Local Rules. Novellus got caught. The penalty should be that the offending materials be stricken.

### F. Novellus Seeks to Distract the Court with "Straw Man" Arguments

Novellus asserts, correctly, that "tutorial" information is appropriately submitted in connection with claim construction. Poris agrees. Poris's Motion is not predicated on Novellus seeking to provide "tutorial" information to the Court. Poris's Motion is predicated on Novellus's <u>improper</u> methods and <u>submissions</u> in attempts to provide tutorial information to the Court.

Similarly, Novellus's argument over the ordinary skill of "one in the art" is a smokescreen. Poris does not contend that Nanis cannot be an expert in this art. Poris contends only that Nanis does not identify the level of skill of the ordinarily skilled artisan, nor exactly what art is at issue herein. Neither of these issues is as material to the instant Motion as Novellus's disregard of the Local Rules.

### CONCLUSION

Simply put, Novellus has violated the Patent Local Rules on disclosure of extrinsic evidence and expert opinion in connection with claim construction. Novellus's <u>admissions</u> in its papers submitted to the Court demonstrate its failure to comply with Patent Local Rule 4-2(b). Poris's Motion to Strike should be granted, and the Nanis Declaration and the references to it and its substance found in Novellus's Responsive Claim Construction Brief should be stricken.

DATED: November 9, 2010  Respectfully submitted,

KING & KELLEHER, LLP


By: */s/Edward Vincent King, Jr.*
      Edward Vincent King, Jr.

Attorneys for Plaintiff and Counter-Defendant
JAIME PORIS

-4-

**PORIS'S REPLY TO NOVELLUS'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF LEONARD NANIS, DR. SC.**
**Case No. CV-10-0947 JSW**