IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAIME PORIS,

    Plaintiff and Counterclaim-Defendant,

v.

NOVELLUS SYSTEMS, INC.,

    Defendant and Counterclaimant.

No. C 10-00947 JSW

**NOTICE OF QUESTIONS RE CLAIM CONSTRUCTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JULY 27, 2011, AT 1:30 p.m.:

    The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 90 minutes to present their respective arguments on claim construction. The Court proposes the following questions:

1. **"a cathode wire"**

Novellus argues that the term "a cathode wire" must be construed to mean "A wire that is woven into a cathode gasket and that makes direct contact with the electrically conducting layer of the semiconductor." (Parties' Amended, Final Joint Claim Construction and Pre-hearing Statement ("Statement"), Ex. B at 1.) Poris, on the other hand, argues that the term "a cathode wire" should be construed to mean "A communicator of electricity which allows electrical contact to the semiconductor." (*Id.*, Ex. A at 1.)

- Is Poris's proposed construction of the term "wire" required? Is the proposed construction "communicator of electricity" too broad?
- Does Poris's construction incorrectly omit the term's clear reference to the cathode?
- Is the addition of the word "direct" in Novellus's proposed construction too late?
- How does Novellus's construction avoid the proscription against importing the limitations disclosed in one specific embodiment into the construction? *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005).

2. **"a cell body"**

Novellus argues that the term "a cell body" should be construed to mean "The side wall sections of the container that holds the electrolyte during electrodeposition." (Statement, Ex. B at 1.) Poris, on the other hand, argues that the term "a cell body" should be construed to mean "A part of the electrodeposition apparatus where the electrodeposition occurs." (*Id.*, Ex. A at 2-3.)

- Is Novellus's proposed construction based entirely on the proposed embodiment captured in Figure 9? If so, on what basis can the Court so rely? *See, e.g., Gart v. Logitech, Inc.*, 254 F.3d 1334, 1342-43 (Fed. Cir. 2001). How does Novellus contend its construction may be reconciled with Figure 12?

2

**3.   "gasket"**

Novellus argues the term "gasket" should be construed to mean "Inert, compressible material that seals the junction between a first stationary surface and a second stationary surface to prevent leakage of liquid between the two surfaces." (Statement, Ex. B at 1.) Poris argues the term "gasket" should be construed to mean: "An inert item which provides for a fluid-tight sealing relationship between two surfaces." (*Id.*, Ex. A at 4-5.)

- On what basis should the Court import the definition to require that the gasket be compressible and between two stationary surfaces proffered by Novellus from the extrinsic source, an unidentified booklet called "An Introduction to Seals and Gaskets"?

**Terms 4. and 5.**

The Court has no specific questions for terms 4 and 5, although the parties should present their proposed constructions.

**6.   "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire"**

Novellus argues that the term "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire" should be governed by 35 U.S.C. § 112 ¶ 6 and construed to mean "a semiconductor wafer clamp that applies a uniform pressure to the entire back surface of the semiconductor, for securing the semiconductor to the cathode gasket to exclude the electrolyte from contacting the cathode wire." (Statement, Ex. B at 2-3.) Poris, on the other hand, argues that the term "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire" should be construed to mean "A wafer clamp which secures the semiconductor to the cathode gasket by applying pressure to the backside of the semiconductor to exclude the electrolyte from contracting the cathode wire." (*Id.*, Ex. A at 8-9.)

    • On what basis should the Court impose the limitations "uniform force" and "entire back surface" as suggested by Novellus's proposed construction?

    • Is the addition of "semiconductor" to describe the wafer redundant?

**7. "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire"**

Novellus argues that the term "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire" should be governed by 35 U.S.C. § 112 ¶ 6 and construed to mean "photoresist pattern that covers the electrically conducting layer of the semiconductor for exposing a selected area of the semiconductor to the electrolyte." (Statement, Ex. B at 3.) Poris, on the other hand, argues that the term "means for securing said semiconductor to said cathode gasket to exclude said electrolyte from contacting said cathode wire" should be construed to mean "An active side of the semiconductor having a selected area which is bounded by the cathode gasket when the semiconductor is secured against the cathode gasket for exposing the selected area of the semiconductor to the electrolyte." (*Id.*, Ex. A at 10.)

    • How should the Court construe the meaning of "active" in Poris's proposal?

**8. "virtual anode"**

Novellus argues that the term "virtual anode" should be construed in conjunction with term 9 to mean "a metal plate having an aperture and being located between the anode and cathode." (Statement, Ex. B at 3.) Poris argues that the term "virtual anode" should be construed to mean "A structure configured to manipulate the current distribution between the anode and the semiconductor." (*Id.*, Ex. A at 10-11.)

    • Novellus argues that the term "i.e.," in the Abstract should be imported into the construction. Does Novellus have any authority for this position? Could the term be construed in this context to mean, "for example," rather than "that is to

4

say"?  On what authority does Novellus contend that the use of "i.e." in this context is an expression of manifest exclusion or restriction?

**Terms 9. and 10.**

- Do Novellus's proposed constructions improperly seek to import limitations from the specifications?

**IT IS SO ORDERED.**

Dated: July 26, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE